# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CASSANDRA ANN TICKAL,<br><br>Defendant. | Case No. CR09-3005<br><br>ORDER FOR PRETRIAL DETENTION |

On the 27th day of February, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney John H. Lammers. The Defendant appeared personally and was represented by her attorney, John J. Rausch.

## RELEVANT FACTS

On February 19, 2009, Defendant Cassandra Ann Tickal was charged by Indictment (docket number 1) with one count of conspiracy to manufacture methamphetamine. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on April 27, 2009.

Cerro Gordo County Deputy Sheriff Matt Klunder, who is currently assigned to the North Central Iowa Narcotics Task Force, testified regarding the circumstances underlying this charge. According to Deputy Klunder, Jeremy Branstad was indicted on drug charges and subsequently implicated Tickal and her five codefendants. Branstad told authorities that Tickal and the others provided pseudoephedrine pills for the purpose of making methamphetamine. The Defendants were paid in drugs or money.

A subsequent investigation by the task force resulted in documentation establishing that Tickal purchased varying amounts of pseudoephedrine, including buying pills from different stores on the same date. According to Deputy Klunder, another cooperating individual will also implicate Tickal in a conspiracy to manufacture methamphetamine.

1

According to the pretrial services report, Tickal is 29 years old, single, and has never been married. She has one child, age 2, from a relationship with Jeremy Branstad. She apparently lost custody of the child, however, as a consequence of her drug usage. Defendant also reported that she is three months pregnant.

Defendant apparently received a GED and she told the pretrial services officer that she earned an AA from the North Iowa Area Community College. Defendant has been unemployed since 2005. She has back pain as a result of a work injury in 1999 and is prescribed Lortab for the pain. Defendant admits using methamphetamine, with her first use coming at age nine. Defendant admitted using methamphetamine in January 2009, just one month ago.

In addition to various minor offenses, Defendant was convicted of a controlled substance violation in the Iowa District Court for Cerro Gordo County in 2003 and received a 10-year suspended prison term. She violated the terms of her probation, however, and was subsequently ordered to reside at a residential facility. Defendant again violated the terms of her probation and was then placed in the violators' program. According to Tickal, she was no longer on probation at the time of the alleged conspiracy beginning in May 2007. Defendant was also convicted of escape when she left the residential facility and failed to return. She was later extradited from Texas.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the

defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to manufacture methamphetamine, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with conspiracy to manufacture methamphetamine. Two witnesses will apparently implicate Tickal, with their testimony corroborated by documentary evidence. Defendant has a prior felony conviction for a controlled substance violation. Tickal twice failed to successfully complete the terms of her probation and was eventually placed in the violators' program. Defendant walked away from the residential facility and was also convicted of escape. Defendant has a long history of drug usage, with the most recent usage being last month.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not

disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 25, 2009) to the filing of this Ruling (March 2, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 2nd day of March, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA